## ABM Leasing v. Booth

*Kathryn L. Simpson,* for plaintiff.
*Patrick A. Merlino,* for defendant.

ACKERMAN, *J.,* February 19, 1991—The question before the court, when reduced to fundamentals, is whether a Pennsylvania purchaser of a copying machine, purchased from a Pennsylvania vendor only a few miles away, should be compelled to defend against a claim of non-payment in the State of Texas. I conclude that he should not, and that the Texas judgment obtained by default should have its entry here stricken.

Defendant, a resident of North Huntingdon Township, purchased a copying machine from ABM Leasing in Greensburg. The price of the machine was slightly in excess of $7,000, and when it failed to function properly and could not be repaired, defen-

dant stopped making payments under the lease purchase agreement. Defendant soon learned that he was being sued by an entity known as TNL, Financial Inc. in the courts of Bexar County, Texas. Despite seeking legal advice by telephone from a Texas lawyer, who advised defendant not to worry about the proceedings, a default judgment was entered against him which has since been entered here under the Uniform Enforcement of Foreign Judgments Act, 42 Pa.C.S. §4306.

According to plaintiff, defendant consented to the jurisdiction of the Texas court upon signing the lease purchase agreement (see. plaintiff's answer and new matter, exh. 1). The clause containing the consent to the jurisdiction of the Texas court can be found in small print on the reverse side of the lease purchase agreement if you are given the hint to look at and read through paragraph 27 entitled "Miscellaneous."

This case should be governed by the principles set forth in *Tandy Computer Leasing v. DeMarco,* 388 Pa. Super. 128, 564 A.2d 1299 (1989), and *Churchill Corp. v. Third Century,* 396 Pa. Super. 314, 578 A.2d 532 (1990), which correctly cast a jaundiced eye upon forum selection clauses of this nature which compel consumers to defend themselves in distant places and at great expense or suffer a judgment by default. The factual distinctions argued by plaintiff in its brief are not sufficient to distinguish this case from *Tandy* or *Churchill,* and the judgment entered here will be stricken.

## ORDER OF COURT

And now, February 19, 1991, the judgment entered by plaintiff against defendant at this number is stricken.